IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Wumei Lin,<br><br>       Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE "A" HERETO,<br><br>       Defendants. | **Case No.**<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Wumei Lin, ("Plaintiff"), hereby files his Complaint for damages and injunction relief for copyright infringement against the Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations identified on Schedule "A" hereto (collectively, the "Defendants") and in support of his claims states as follows:

## NATURE OF THE ACTION

1. Plaintiff is the owner of all rights, titles, and interests in and to United States Copyright Registrations for specific photographic art. Plaintiff owns the federal copyright registration numbers for his original photographic images, including; VA0002441336, VA0002441715, and VA0002412626 ("Copyrighted Photographs"). See Copyright Registrations Attached as **Exhibit 1**.

2. Plaintiff is a professional photographer who licenses his photographic works to clothing companies for commercial use in advertising and marketing.

3. These Defendants are online storefronts ("Online Stores") operating on the TikTok Platform, which have used Plaintiff's Copyrighted Photographs without authorization to promote and sell products in competition with Plaintiff's licensees.

4. Plaintiff has never licensed to these Defendants for any use of the Copyrighted Photographs, nor are these Defendants otherwise authorized to display the photographs and images.

5. These Defendants' unlawful use of Plaintiff's Copyrighted Photographs on the Tiktok Platform deprives Plaintiff of licensing revenue, undermines his ability to issue exclusive licenses, and causes irreparable harm to his livelihood and reputation.

6. These Defendants, acting together in concert, cause mass harm because Plaintiff, an individual, loses his source of income and control over his Copyrighted Photographic artwork.

## JURISDICTION AND VENUE

7. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Federal Copyright Act, 17 U.S.C. § 101, et seq., 28 U.S.C. § 1338(a)–(b), and 28 U.S.C. § 1331.

8. This Court may exercise personal jurisdiction over each of these Defendants because each Defendant directly targets business activities towards consumers in Illinois, through their Online Stores on the TikTok Platform, identified in Schedule "A" attached hereto as **Exhibit 2.**

9. These Defendants have targeted sales to the United States by operating these e-commerce stores, which cater to United States consumers, offer shipping to the United States, including Illinois, accept payment in U.S. dollars, and sell products using illicit copies Plaintiff's federally registered copyrights.

10. Specifically, these Defendants copy and display Plaintiff's Copyrighted Photographs without license or authorization to residents of Illinois through the TikTok Platform.

11. Each of these Defendants are properly subjected to personal jurisdiction in Illinois. Each Defendant is a foreign entity with sufficient contacts here, as they have systematically and continuously used Plaintiff's Copyrighted Photographs for commercial purposes in this judicial district. This systematic exploitation in the United States, and here specifically, Illinois, of Plaintiff's Copyrighted Photographs for commercial purposes makes it reasonably foreseeable that these Defendants would be hauled into answer in a court in Illinois. The exercise of jurisdiction in this Court complies with due process.

12. Venue is proper in this district under 28 U.S.C. § 1391 because these Defendants are subject to this Court's personal jurisdiction and none of these Defendants, based on a pre-suit investigation, are residents of the United States. Each of these Defendants are engaging in infringing activities and causing harm within the Northern District of Illinois by displaying Plaintiff's Copyrighted Photographs for commercial purposes within the district, and advertising, offering to sell, selling, and/or shipping products to consumers in this district.

## THE PARTIES

### Plaintiff

13. Plaintiff is an individual and the owner of the Copyrighted Photographs, attached hereto as **Exhibit 1**.

14. Plaintiff owns all rights, including, without limitation, the rights to reproduce the Copyrighted Photographs in copies, prepare derivative works based upon the copyrighted works, and distribute copies of the Copyrighted Photographs to the public by sale or other transfer of ownership, or by rental, lease, or lending the Copyrighted Photographs. See **Exhibit 1.**

15. Plaintiff licenses his Copyrighted Photographs to clothing suppliers so they can use them to market their products, which is how Plaintiff earns a living.

16. Plaintiff earns his livelihood by licensing his works, often through exclusive licenses to fashion brands.

17. Plaintiff has issued exclusive licenses over his Copyrighted Photographs involved in this suit.

18. Loss of exclusivity and control over these Copyrighted Photographs creates serious harm to Plaintiff, who relies on limiting the availability of the Copyrighted Photographs to sustain their value.

19. Unauthorized use by these Defendants destroys exclusivity, devalues Plaintiff's Copyrighted Photographs, and diminishes future licensing opportunities.

20. Plaintiff has neither licensed nor authorized these Defendants to use the Copyrighted Photographs.

21. Plaintiff allowing the continued distribution of the non-licensed clothing using Plaintiff's Copyrighted Photographs, by not enforcing licensing, devalues the artwork that the Plaintiff produces in that:

a)  it prevents the Copyrighted Photographs from being used by the licensees of these images to make their high-quality products appear distinct; and

b)  it shows future licensees that buying an exclusive license comes with no guarantee of exclusivity, which means it is not worth the purchase.

22. Plaintiff's livelihood depends on the ability to control the licensing of his Copyrighted Photographs, which the swarm of illicit actors makes incredibly difficult, while

simultaneously depreciating Plaintiff's Copyrighted Photographs for every day that Plaintiff lacks control over them.

23. The damage to Plaintiff of continued infringement is imminent, irreparable, and unquantifiable.

**Defendants**

24. Defendants are individuals and business entities of unknown corporate organization and/or structure, who own and/or operate one or more of the Online Stores on the Platform as identified on Schedule "A". See **Exhibit 2.**

25. It is believed that these Defendants reside and/or operate in foreign jurisdictions outside the United States.

26. These Defendants conduct business across the United States, including in this judicial district of Illinois, through the operation of their Online Stores listed in Schedule "A". **Exhibit 2**. These Defendants have offered to sell and have sold products using illicit copies of Plaintiff's original Copyrighted Photographs without permission. See **Exhibit 3** for links to infringing uses of the copyrights on each of the Defendants' Online Stores and comparison of the Copyrighted Photographs.

27. Most third-party online marketplace platforms, like the Platform in this case, do not verify new sellers or confirm their identities. This allows infringers to use fake or inaccurate names, business details, and addresses when creating their online stores. These platforms also typically do not require sellers to reveal their actual business entities, enabling infringers to set up multiple profiles and stores that seem unrelated but are actually controlled by the same individuals.

## DEFENDANTS' UNLAWFUL CONDUCT

28. The quality of Plaintiff's work and the brands he licenses to have attracted many illicit infringers who copy and display Plaintiff's Copyrighted Photographs to sell cheap competing versions of the swimsuit tankini-style clothing depicted in his art.

29. Upon information and belief, all Defendants are a connected group of infringers working together to knowingly and willfully use Plaintiff's Copyrighted Photographs around the same timeframe, without permission, to manufacture, import, distribute, offer for sale, and sell the clothing depicted within.

30. Upon information and belief, these Defendants have had full knowledge of Plaintiff's ownership and authorship of the Copyrighted Photographs.

31. Plaintiff has identified numerous stores on the TikTok Platform, including these Defendants' online stores, which display Plaintiff's Copyrighted Photographs around the same timeframe.

32. Plaintiff seeks to shut down these Defendants' Online Stores, where these Defendants display copies they made of Plaintiff's Copyrighted Photographs without permission.

33. Fraudulent seller alias registration patterns are among the common tactics used by Internet store operators, such as these Defendants, to conceal their identities and the full extent of their illicit activities, and to avoid shutdown. The TikTok Platform specifically, does not display detailed seller contact information or physical addresses and the seller aliases used are typically only names inside of the TikTok Platform and not registered as businesses outside of the Platform.

34. These Defendants operate under various seller aliases creating the impression that these Defendants are multiple, separate entities when listed on a Schedule "A" enforcement action.

35. By making these seller aliases appear as unrelated entities, These Defendants recognize they may cause a joinder issue in any multi-defendant enforcement case, thereby further avoiding liability.

36. These Defendants' intentional tactic of hiding behind multiple seller aliases to obstruct enforcement aims to sustain illicit infringement activities.

37. Without joinder of each of these Defendants, the Defendants' illicit strategy to dodge liability will succeed because individual lawsuits are costly, time consuming, and burdensome for the courts.

38. Each of these Defendants are properly joined in this case because it is highly probable that they are collaborating or are not separate entities, and they are listed separately only to continue their illegal activities without liability. Each of the reproduced photographs are from the same 2024 publishing year, each infringe the tankini subject matter, and each are identical copies of Plaintiff's Copyrighted Photographs. *See* **Exhibit 3**.

39. This conclusion is enhanced by the fact that these Defendants use the Copyrighted Photographs in the same manner to sell the same clothing items, which they must produce on a larger scale to try and make a profit on the market. It is unlikely that any single Defendant could sustain manufacturing at such a large scale alone.

40. Due to the large number of infringers Plaintiff faces, individual infringers can get lost in the swarm, especially since these Defendants can easily disappear and open new stores, making enforcement of the Plaintiff's Intellectual Property against individual infringers impracticable.

41. Furthermore, infringers, like these Defendants and likely including these Defendants, operate multiple credit card merchant accounts and third-party accounts, which are

hidden behind layers of payment gateways, enabling them to continue their operations despite enforcement efforts.

42. Based on information and belief, these Defendants maintain offshore bank accounts and regularly transfer funds from their Platform accounts to offshore banks outside this Court's jurisdiction, especially since it is believed that these Defendants reside abroad.

43. These Defendants' Online Stores bear similarities indicating their interrelatedness.

44. Notable features standard to these Defendants' Online Stores includes a lack of contact information, the same or similar products for sale, identically or similarly priced items, sales discounts, shared hosting service, identical name servers, and their common illicit infringement of Plaintiff's Copyrighted Photographs.

45. These Defendants' use of Plaintiff's intellectual property devalues the same by eliminating and/or diluting the exclusiveness of the licenses Plaintiff has issued.

46. Unless restrained temporarily, preliminarily, and permanently by this Court, these Defendants' infringing conduct will continue to cause irreparable harm to Plaintiff.

47. Upon information and belief, these Defendants will continue to infringe Plaintiff's Copyrights for commercial purposes unless preliminarily and permanently enjoined.

<u>COUNT I</u>
**COPYRIGHT INFRINGEMENT (17 U.S.C. § 101, et seq.)**

48. Plaintiff repeats, realleges, and incorporates by reference herein its allegations contained in paragraphs 1 through 47, above.

49. Plaintiff's Copyrighted Photographs have substantial value and were produced and created at significant expense.

50. Plaintiff owns all exclusive rights, including the rights to reproduce the Copyrighted Photographs into copies, create derivative works based on copyright registrations, and to distribute

copies of the copyrighted photographs to the public through sale, transfer of ownership, rental, lease, or lending. See **Exhibit 1**.

51. These Defendants continue to use Plaintiff's Copyrighted Photographs to sell their goods in this and other judicial districts.

52. These Defendants' unauthorized use of Plaintiff's Copyrighted Photographs, for commercial purposes, on their Online Stores, constitutes copyright infringement.

53. On information and belief, these Defendants' infringing acts are willful, deliberate, and committed with prior notice and knowledge of Plaintiff's Copyrighted Photographs.

54. Each Defendant either knew, or should have reasonably known, that Plaintiff's Copyrighted Photographs were registered with the Copyright Office, as they did not create them and should have, at a minimum, checked before displaying them.

55. As a direct and proximate result of these Defendants unauthorized and infringing conduct, these Defendants have obtained and continue to realize direct and indirect profits and other benefits rightfully belonging to Plaintiff, which these Defendants would not otherwise have realized but for their infringement of Plaintiff's Copyrighted Photographs.

56. The acts of infringement described above constitute a collective enterprise involving shared, conspiratorial, and overlapping actions done in coordination. These acts were willful, intentional, and performed with disregard for and indifference to the rights of the Plaintiff. Therefore, these Defendants, and each of them, should be held jointly and severally liable.

57. Accordingly, Plaintiff seeks an award of damages under 17 U.S.C. § 504.

58. In addition to actual damages, Plaintiff is entitled to receive the profits made by these Defendants from their wrongful acts, under 17 U.S.C. § 504(b). Each Defendant should

be required to account for all gains, profits, and advantages derived by each of these Defendants from their acts of infringement.

59. In the alternative, Plaintiff is entitled to and may elect to choose statutory damages under 17 U.S.C. § 504(c), which should be enhanced by 17 U.S.C. § 504(c)(2) because of these Defendants' willful copyright infringement.

60. Plaintiff is entitled to and may elect to choose injunctive relief under 17 U.S.C. § 502, enjoining any use or exploitation of the Copyright Photographs by these Defendants.

61. Plaintiff had to hire and agree to compensate at a reasonable rate the undersigned firm; therefore, Plaintiff seeks and is also entitled to recover reasonable attorneys' fees and costs of suit under 17 U.S.C. § 505.

62. Plaintiff has no adequate remedy at law, and, if these Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to his reputation as an artist, because the lack of exclusivity over Plaintiff's works will devalue his portfolio and future ability to license his work.

63. Reputational damage and the devaluation of one's future works cannot be remedied by monetary damages. Instead, they are irreparable injuries lacking adequate remedies at law, without an injunction.

64. Under 17 U.S.C. §§502 and 503, Plaintiff is entitled to injunctive relief prohibiting each of these Defendants from further displaying Plaintiff's Copyrighted Photographs, ordering that each Defendant destroy all unauthorized copies, Defendants' copies, plates, and other embodiments of the copyrighted works from which copies can be reproduced, if any, should be impounded and forfeited to Plaintiff as instruments of infringement, and all infringing copies created by Defendants should be impounded and forfeited to Plaintiff, under 17 U.S.C §503.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against these Defendants and each of them as follows:

1. That these Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

   a. using Plaintiff's Copyrighted Photographs or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not authorized by Plaintiff to be sold in connection with its registered copyrights;

   b. further infringing the Copyrights and damaging Plaintiff's reputation and goodwill;

   c. using, linking to, transferring, selling, exercising control over, or otherwise owning these Defendants' stores on the Defendants' Online Stores or the TikTok Platform, or any other domain name or online marketplace account that is being used to sell or is the means by which the Defendants could continue to conduct commercial activity using the Plaintiff's Copyrighted Photographs; and

   d. operating and/or hosting websites at the Defendants' Online stores and any other domain names registered or operated by the Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product through the unauthorized use of the Copyrighted Photographs.

2. That these Defendants, within fourteen (14) days after service of judgment with notice of entry thereof upon them, be required to file with the Court and serve upon Plaintiff

a written report under oath setting forth in detail the manner and form in which these Defendants have complied with paragraph 1 above.

3. Entry of an Order that, upon Plaintiff's request, those in privity with these Defendants and those with notice of the injunction, including in our case here the TikTok Platform, as well as AliExpress, Walmart, Amazon, DHgate, eBay, Temu, and Wish, social media platforms such as Facebook, YouTube, Instagram, TikTok, LinkedIn, X, Internet search engines such as Google, Bing, and Yahoo, web hosts for these Defendants' Online Stores, and domain name registrars ("Third Party Providers"), shall:

    a. disable and cease providing services for any accounts through which these Defendants engage in commercial activity using Plaintiff's Copyrighted Photographs, including any accounts associated with these Defendants listed on Schedule "A";

    b. disable and cease displaying any advertisements used by or associated with Defendants that display the Copyrights; and

    c. take all necessary steps to prevent links to these Defendants' Online Stores identified on Schedule "A" from displaying in search results, including, but not limited to, removing links to these Defendants' domain names from any search index.

4. That these Defendants account for and pay to Plaintiff all profits realized by them through the unauthorized use of the Copyrighted Photographs.

5. In the alternative, Plaintiff be awarded statutory damages of not less than $750 and not more than $30,000 for every infringement of the Copyrights under 17 U.S.C. § 504(c), which should be enhanced to a sum of not more than $150,000 by 17 U.S.C. § 504(c)(2) because of these Defendants' willful copyright infringement.

6. Plaintiff be awarded its reasonable attorneys' fees and costs.

7. Award any and all other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff also demands a trial by jury of all issues so triable pursuant to Federal Rule of Civil Procedure 38.

Dated: December 29, 2025          Respectfully Submitted

By: */s/ Joseph W. Droter*
Joseph W. Droter (Bar No. 6329630)
Katherine M. Kuhn (Bar No. 6331405)
Nazly Bayramoglu (NM Bar No. 151569)
Nihat Deniz Bayramoglu (NV Bar No. 14030)
**BAYRAMOGLU LAW OFFICES LLC**
233 S. Wacker Drive, 44th Floor #57
Chicago, IL 60606
Tel: (702) 462-5973 | Fax: (702) 553-3404
Joseph@bayramoglu-legal.com
Katherine@bayramoglu-legal.com
deniz@bayramoglu-legal.com
nazly@bayramoglu-legal.com
*Attorneys for Plaintiff*