IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WUMEI LIN, <br><br> Plaintiff, <br><br> v. <br><br> DAFFODILY, <br><br> Defendant. | Case No. 1:25-cv-15686 <br><br> FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT <br><br> JURY TRIAL DEMANDED |

## FIRST AMENDED COMPLAINT

Plaintiff, Wumei Lin, ("Plaintiff"), hereby files this First Amended Complaint for damages and injunction relief for copyright infringement against the Defendant,Daffodily ("Defendant"), and in support of its claims states as follows:

## NATURE OF THE ACTION

1. Plaintiff is the owner of all rights, titles, and interests in and to United States Copyright Registrations for specific photographic art. The plaintiff owns the following federal copyright registration number for their original photographic images, including VA0002441336 (the "Copyrighted Image"), attached hereto as **Exhibit 1.**

2. Plaintiff is a professional photographer who licenses his photographic works to clothing companies for commercial use in advertising and marketing.

3. Defendant is an online storefront ("Online Store") operating on TikTok Shop (the "TikTok" or "Platform"), which has used Plaintiff's Copyrighted Image without authorization.

4. Plaintiff has never licensed Defendant to use the Copyrighted Image, nor is Defendant otherwise authorized to display the image.

5. Defendant's unlawful use of the Copyrighted Image on the Platform deprives Plaintiff of licensing revenue, undermines his ability to issue exclusive licenses, and causes irreparable harm to his livelihood and reputation.

## JURISDICTION AND VENUE

6. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Federal Copyright Act, 17 U.S.C. § 101, et seq., 28 U.S.C. § 1338(a)–(b) and 28 U.S.C. § 1331.

7. This Court may exercise personal jurisdiction over Defendant because Defendant directly targets business activities towards consumers in Illinois.

8. Additionally, Defendant copied and now displays the Plaintiff's Copyrighted Image without license or authorization to residents of Illinois through the Platform.

9. Specifically, Defendant has targeted sales to the United States by operating the e-commerce store, which caters to United States consumers, offers shipping to the United States, including Illinois, accepts payment in U.S. dollars, and sells products using illicit copies of the Plaintiff's federally registered copyright. See **Exhibit 2** for confirmation of sales Defendant has made into Illinois.

10. Defendant is appropriately subject to jurisdiction in the United States. Defendant is a foreign entity with sufficient contacts here, as it systematically and commercially uses Plaintiff's Copyrighted Image for commercial purposes in this judicial district. This systematic exploitation in the United States of the Plaintiff's Copyrighted Photographic Art for commercial purposes makes it reasonably foreseeable that Defendant would be called to answer in a court within the United States, meaning that the exercise of jurisdiction in this Court complies with due process.

11. Venue is proper in this district under 28 U.S.C. § 1391 because Defendant is subject to this Court's personal jurisdiction and Defendant, based on a pre-suit investigation, is not a resident of the United States. Defendant is engaged in infringing activities and causing harm within the Northern District of Illinois by displaying the Copyrighted Image for commercial purposes within the district. This Court is the proper jurisdiction and venue under Federal Rule of Civil Procedure 4(k).

## THE PARTIES

### Plaintiff

12. Plaintiff is an individual and the owner of the Copyrighted Image, attached hereto as **Exhibit 2**.

13. Plaintiff owns all rights, including, without limitation, the rights to reproduce the Copyright in copies, to prepare derivative works based upon the copyrighted works, and to distribute copies of the copyrighted works to the public by sale or other transfer of ownership, or by rental, lease, or lending the protected works.

14. Plaintiff licenses their copyrighted images to clothing suppliers so they can use them to market their products, which is how Plaintiff earns a living.

15. Plaintiff earns his livelihood by licensing his works, often through exclusive licenses to fashion brands.

16. The Plaintiff has issued exclusive licenses over the Copyrighted Image involved in this suit.

17. Loss of exclusivity and control over the image creates serious harm to the Plaintiff, who relies on limiting the availability of the Copyrighted Works to sustain their value.

18. Unauthorized use by the Defendant destroys exclusivity, devalues the Copyrighted Image, and diminishes future licensing opportunities.

19. Plaintiff has neither licensed nor authorized the Defendant to use the Copyrights.

20. Plaintiff's main focus in their Copyrighted Images is the photographing of models wearing the attire that the licensees distribute.

21. Plaintiff allowing the continued distribution of the non-licensed image of clothing using the Plaintiff's artwork, by not enforcing licensing, devalues the artwork that the Plaintiff produces in two ways:

   a) prevents it from being used by the licensees of the artwork to make their products appear distinct; and

   b) shows future licensees that buying an exclusive license comes with no guarantee of exclusivity, which means it is not worth the purchase.

22. Plaintiff's livelihood depends on the ability to control the licensing of their Copyrighted Images, which the swarm of illicit actors makes incredibly difficult, while simultaneously depreciating Plaintiff's Copyrighted Art for every day that Plaintiff lacks control over it.

23. The Damage to Plaintiff of continued infringement is imminent, irreparable, and unquantifiable.

**Defendant**

24. Defendant, DAFFODILY, is a business entity of unknown corporate organization and/or structure, which owns and/or operates one or more of the Online Stores on the Platform.

25. It is believed that Defendant resides and/or operates in foreign jurisdictions outside the United States.

26. Defendant conducts business across the United States, including in this judicial district, through the operation of its Online Store. They have offered to sell and have sold products using illicit copies of the Plaintiff's original Copyrighted Image without permission. See **Exhibit 2** for links to infringing use of Plaintiff's Copyrighted Image on Defendant's Online Store.

27. Most third-party online marketplace platforms, like the Platform in this case, do not verify new sellers or confirm their identities. This allows infringers to use fake or inaccurate names, business details, and addresses when creating their online stores. These platforms also typically do not require sellers to reveal their actual business entities, enabling infringers to set up multiple profiles and stores that seem unrelated but are actually controlled by the same individuals.

## DEFENDANT'S UNLAWFUL CONDUCT

28. The quality of Plaintiff's work and the brands to which they license their work have attracted many illicit infringers who copy and display Plaintiff's Copyrighted Image to sell competing versions of some of the clothing depicted in their art.

29. Upon information and belief, Defendant has full knowledge of Plaintiff's ownership and authorship of the Copyrighted Image.

30. Plaintiff has identified Defendant's online store, which displays Plaintiff's Copyrighted Image without permission.

31. Plaintiff seeks to shut down Defendant's Online Store, where the Defendant displays copies it made of the Copyrighted Image, without permission.

32. Based on information and belief, Defendant maintains offshore bank accounts and regularly transfers funds from their Platform accounts to offshore banks outside this Court's jurisdiction, especially since it is believed that Defendant resides abroad.

33. Defendant's use of Plaintiff's intellectual property devalues the same by eliminating and/or diluting the exclusiveness of the licenses Plaintiff has issued.

34. Unless restrained temporarily, preliminarily, and permanently by this Court, the Defendant's infringing conduct will continue to cause irreparable harm to Plaintiff.

35. Upon information and belief, Defendant will continue to infringe Plaintiff's Copyright for commercial purposes unless preliminarily and permanently enjoined.

## COUNT I

## COPYRIGHT INFRINGEMENT (17 U.S.C. § 101, et seq.)

36. Plaintiff repeats, realleges, and incorporates by reference herein its allegations contained in paragraphs 1 through 35, above.

37. Plaintiff's Copyrighted Image has substantial value and was produced and created at significant expense.

38. Plaintiff owns all exclusive rights, including the rights to reproduce the Copyrighted Image into copies, create derivative works based on the copyrighted image, and distribute copies of the copyrighted image to the public through sale, transfer of ownership, rental, lease, or lending.

39. Defendant continues to use the Plaintiff's Copyrighted Image to sell its goods in this and other judicial districts.

40. Defendant's unauthorized use of the Copyrighted Image, for commercial purposes, on its Online Store, constitutes copyright infringement.

41. On information and belief, Defendant's infringing acts are willful, deliberate, and committed with prior notice and knowledge of the Copyrighted Image.

42. Defendant either knew, or should have reasonably known, that the Copyrighted Image was registered with the Copyright Office, as they did not create them and should have, at a minimum, checked before displaying them.

43. As a direct and proximate result of their unauthorized and infringing conduct, Defendant has obtained and continues to realize direct and indirect profits and other benefits rightfully belonging to Plaintiff, which Defendant would not otherwise have realized but for its infringement of Plaintiff's Copyrighted Image.

44. Accordingly, Plaintiff seeks an award of damages under 17 U.S.C. § 504.

45. In addition to actual damages, Plaintiff is entitled to receive the profits made by the Defendant from its wrongful acts, under 17 U.S.C. § 504(b). Defendant should be required to account for all gains, profits, and advantages derived by each Defendant from their acts of infringement.

46. In the alternative, Plaintiff is entitled to and may elect to choose statutory damages under 17 U.S.C. § 504(c), which should be enhanced by 17 U.S.C. § 504(c)(2) because of Defendant's willful copyright infringement.

47. Plaintiff is entitled to and may elect to choose injunctive relief under 17 U.S.C. § 502, enjoining any use or exploitation by the Defendant of their infringing work.

48. Plaintiff had to hire and agree to compensate at a reasonable rate the undersigned firm; therefore, Plaintiff seeks and is also entitled to recover reasonable attorneys' fees and costs of suit under 17 U.S.C. § 505.

49. Plaintiff has no adequate remedy at law, and, if the Defendant's actions are not enjoined, Plaintiff will continue to suffer irreparable harm to his reputation as an artist, because the lack of exclusivity over the Plaintiff's works will devalue his portfolio and future ability to license his work.

50. Monetary damages cannot remedy reputational damage and the devaluation of one's future works. Instead, they are irreparable injuries lacking adequate remedies at law, without an injunction.

51. Under 17 U.S.C. §§502 and 503, Plaintiff is entitled to injunctive relief prohibiting each Defendant from further displaying the Plaintiff's Copyrighted Image, ordering that each Defendant destroy all unauthorized copies, Defendant's copies, plates, and other embodiments of the copyrighted work from which copies can be reproduced, if any, should be impounded and forfeited to Plaintiff as instruments of infringement, and all infringing copies created by Defendant should be impounded and forfeited to Plaintiff, under 17 U.S.C §503.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendant as follows:

1. That the Defendant, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

    a. using Plaintiff's Copyrighted Image or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not authorized by Plaintiff to be sold in connection with its registered copyright;

    b. further infringing the Copyright and damaging Plaintiff's reputation and goodwill;

    c. using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant's store on the Platform, or any other domain name or online marketplace account that is being used to sell or is the means by which the Defendant could continue to

conduct commercial activity using the Plaintiff's Copyrighted Image; and

   d.  operating and/or hosting websites at the Defendant's Internet store and any other domain names registered or operated by the Defendant that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product through the unauthorized use of the Copyrights.

 2. That the Defendant, within fourteen (14) days after service of judgment with notice of entry thereof upon them, be required to file with the Court and serve upon Plaintiff a written report under oath setting forth in detail the manner and form in which the Defendant has complied with paragraph 1 above.

 3. Entry of an Order that, upon Plaintiff's request, those in privity with the Defendant and those with notice of the injunction, including TikTok, AliExpress, Walmart, Amazon, DHgate, eBay, Temu, and Wish, social media platforms such as Facebook, YouTube, Instagram, TikTok, LinkedIn, X, Internet search engines such as Google, Bing and Yahoo, web hosts for the Defendant's Online Store, and domain name registrars ("Third Party Providers"), shall:

   a.  disable and cease providing services for any accounts through which the Defendant engages in commercial activity using the Plaintiff's Copyrighted Image, including any accounts associated with the Defendant;

   b.  disable and cease displaying any advertisements used by or associated with Defendant that display the Copyrights; and

   c.  take all necessary steps to prevent links to the Defendant's Online Store from displaying in search results, including, but not limited to, removing links to Defendant's domain names from any search index.

FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT  Case No. 1:25-cv-15686

4. That the Defendant's account for and pay to Plaintiff all profits realized by them through the unauthorized use of the Copyrighted Image.

5. In the alternative, that Plaintiff be awarded statutory damages of not less than $750 and not more than $30,000 for every infringement of the Copyright under 17 U.S.C. § 504(c), which should be enhanced to a sum of not more than $150,000 by 17 U.S.C. § 504(c)(2) because of the Defendant's willful copyright infringement.

6. That Plaintiff be awarded its reasonable attorneys' fees and costs.

7. Award any and all other relief that this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff also demands a trial by jury of all issues so triable pursuant to Federal Rule of Civil Procedure 38.

Dated: January 9, 2026  Respectfully Submitted

By: */s/ Joseph W. Droter*
Joseph W. Droter (IL Bar No. 6329630)
Katherine M. Kuhn (IL Bar No. 6331405)
**BAYRAMOGLU LAW OFFICES LLC**
233 S. Wacker Drive, 44th Floor #57
Chicago, IL 60606
Tel: (702) 462-5973 | Fax: (702) 553-3404
Joseph@bayramoglu-legal.com
Katherine@bayramoglu-legal.com
*Attorneys for Plaintiff*

FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT　　　　　　　　　　　Case No. 1:25-cv-15686